**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Stefanie M. Rogers, | ) | |
| | ) | |
| Plaintiff | ) | **COMPLAINT** |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| vs. | ) | Civil Case No.:_____ |
| | ) | |
| Niagara County, N.Y., et al. | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Stefanie M. Rogers by and through her attorney, Disability Rights New York,

for her complaint against Niagara County and the Niagara County Clerk's Office (referred to as

"Defendant" or "Niagara County"), alleges as follows:

**NATURE OF ACTION**

1. This is a civil action for damages and other relief against Defendant for violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq*. ("ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 *et seq*. ("Section 504"), and of the New York State Human Rights Law ("NYHRL").

2. Plaintiff Rogers is a former employee of the Defendant, Niagara County Department of Motor Vehicles.

3. Plaintiff Rogers had severe anxiety.

4. Plaintiff Rogers requested reasonable accommodations from Defendant in the form of office transfer.

5. Defendant, in bad faith, promised the Plaintiff this accommodation, even though it was never actually available to the Plaintiff during the time she was employed by Defendant.

6. Defendant failed to engage any further in the interactive process to provide reasonable accommodations to Plaintiff Rogers.

7. Plaintiff Rogers was discriminatorily terminated on February 1, 2019.

8. Plaintiff Rogers seeks compensatory and punitive damages, lost wages, attorneys' fees, and all other relief the Court deems appropriate.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiff Rogers' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over Plaintiff Rogers' state law claims pursuant to 28 U.S.C. § 1367.

10. Venue lies in the Western District of New York pursuant to 28 U.S.C. § 1391(b).  The alleged unlawful employment practices occurred within the State of New York, in this District.

## PARTIES

11. Plaintiff Rogers currently resides in Lockport, New York.

12. Plaintiff Rogers has resided in Lockport, New York at the time of all alleged events and practices.

13. Niagara County is seated within the State of New York.

14. The Niagara County Clerk's Office is in Niagara County.

15. The Niagara County Clerk's Office is responsible for the local administration of the county's Motor Vehicle Office.

16. Niagara County was Plaintiff Roger's "employer" within the meaning of the ADA, Section 504, and the NYHRL.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. Plaintiff Rogers filed a timely charge with the New York State Division of Human Rights ("DHR") Case Number 10199921, and cross-filed a charge with the Equal Employment Opportunity Commission ("EEOC") Federal Charge Number 16GB902148, received by DHR on February 26, 2019.

18. Plaintiff Rogers received a determination letter and Notice of Rights to Sue from the EEOC on July 26, 2022.

19. This complaint is timely filed within ninety (90) days of the EEOC's Notice of Rights to Sue.

## FACTS

20. Plaintiff Rogers was hired by Defendant on June 18, 2018 as a part-time Motor Vehicle Representative.

21. Plaintiff Rogers' disabilities were known to the Defendant.

22. Plaintiff Rogers was hired pursuant to NYS Civil Service Law § 55-b, a program established with a goal of hiring government employees with disabilities.

23. Plaintiff Rogers identified to the Defendant that she had anxiety when completing her pre-employment medical screening, as required by Niagara County.

24. Plaintiff Rogers has also been diagnosed and has a medical history of depression and back problems.

25. Due to Plaintiff Rogers' multiple disabilities, Plaintiff Rogers is substantially limited in major life activities, including rapid heart rate, reading, writing, as well as speaking and communicating with others.

26. Plaintiff Rogers received employee training by Defendant during June 2018 and July 2018 at the Lockport Motor Vehicle Office.

27. On July 2, 2018, Plaintiff Rogers requested a transfer to the Lockport Office location.

28. Plaintiff Rogers' transfer request was denied by Defendant.

29. In July 2018, Plaintiff Rogers was transferred to the North Tonawanda Motor Vehicle Office, where she worked for the rest of her employment with Defendant.

30. Plaintiff Rogers submitted a note from her doctor, Michele Potempa, MD, to the Defendant on September 17, 2018.

31. The note from Dr. Potempa stated that Plaintiff Rogers "has been treated for a psychiatric illness which results in elevated anxiety and difficulty coping in some situations. It is recommended that she work at the DMV lockport location, not the location in North Tonawanda" (*sic*).

32. On September 19, 2018, Plaintiff Rogers met with Niagara County employees Joseph Provino, Wendy Roberson, and Matthew Parish.

33. Defendant proposed that as an accommodation, Plaintiff Rogers be placed "at the top" of the transfer list, so that Plaintiff would be transferred to Lockport when an opening became available.

34. A transfer list never existed, neither at the time of the proposal, nor afterward.

35. Defendant never provided even a potential timeline for office transfer to the Plaintiff.

36. Even though other employees were transferred for assignment between the Motor Vehicle Offices, Plaintiff Rogers was never transferred out of North Tonawanda location.

37. On October 4, 2018, Plaintiff Rogers approached Mr. Provino about the status of her transfer request.

38. Mr. Provino told Plaintiff that the status of her transfer request had not changed.

39. Plaintiff Rogers had severe back issues and had to take leave from work from November 1, 2018 until December 5, 2018, and then again from January 7, 2019 until January 14, 2019.

40. On December 5, 2018, Plaintiff Rogers again approached Mr. Provino about the status of her transfer request.

41. Mr. Provino again told Plaintiff that the status of her transfer request had not changed.

42. On February 1, 2019, Plaintiff Rogers was terminated by the Defendant from her employment with the County.

**FIRST CAUSE OF ACTION**

**Americans with Disabilities Act – Disability Discrimination**

43. Plaintiff Rogers incorporates and re-alleges each preceding paragraph as if fully set forth herein.

44. Under the ADA, "a plaintiff makes out a prima facie case of disability discrimination arising from a failure to accommodate by showing […] (1) [P]laintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute has notice of [the] disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *McBride v. BIC Consumer Prod. Mfg. Co.*, 583 F.3d 92, 96-97 (2nd Cir. 2009) (internal quotations removed).

45. Plaintiff Rogers has anxiety, depression, and back issues, all of which qualify as a protected disabilities under the ADA.

46. Plaintiff Rogers' disabilities substantially limit her in major life activities related to rapid heart rate, as well as the major life activities of reading, writing, speaking, and communicating with others.

47. Plaintiff Rogers can perform the essential functions of her job at Niagara County, NY, with reasonable accommodations for her disabilities.

48. Niagara County, NY is an "employer" within the meaning of 42 U.S.C. §§ 12111(5).

49. Plaintiff Rogers was an "employee" of Niagara County, NY within the meaning of 42 U.S.C. §§ 12111(4).

50. Niagara County, NY discriminated against Plaintiff Rogers by failing to make a reasonable accommodation for her known disabilities despite the fact that doing so would not impose an undue hardship on the operation of the Niagara County, NY Motor Vehicle Office within the meaning of 42 U.S.C. § 12112(b)(5)(A).

51. Defendant negotiated in bad faith when they offered an accommodation to Plaintiff Rogers which was not actually available to her.

52. Defendant failed to engage any further in the interactive process during the remainder of Plaintiff Rogers' employment after September 19, 2018.

53. Defendant discriminated against Plaintiff Rogers by taking adverse action against her in regard to the terms, conditions, or privileges of her employment on the basis of her disabilities.

54. Defendant's proffered reasons for termination are not legitimate, and are pretext for discriminatory animus.

## SECOND CAUSE OF ACTION

### New York State Human Rights Law – Disability Discrimination

55. Plaintiff Rogers incorporates and re-alleged each preceding paragraph as if fully set forth herein.

56. To make a prima facie case of disability discrimination under the NYHRL, the same elements set forth in the ADA must also be met. *Picinich v. United Parcel Serv.*, 321 F. Supp. 2d 485, 499 (N.D.N.Y. 2004); see also *Gerace v Cliffstar Corp.*, 05-CV-0065E(Sr), 2007 WL 9777687 (W.D.N.Y. 2007).

57. Plaintiff Rogers has anxiety, which qualifies as a disability defined by the NYHRL.  N.Y. Executive Law § 292(21).

58. Defendant Niagara County, NY is an "employer" within the State of New York, and this is deemed an employer under the NYHRL, as defined by N.Y. Executive Law § 292(5)(a).

59. Plaintiff Rogers could perform the essential functions of her job, with reasonable accommodations in place for her disabilities.

60. Defendant discriminated against Plaintiff Rogers by not providing any reasonable accommodation for her disabilities, in violation of the N.Y. Executive Law § 296.

61. Defendant discriminated against Plaintiff Rogers by taking adverse action against her in regard to the terms, conditions, and/or privileges of her employment on the basis of her disability.

62. Defendant's proffered reasons for termination are not legitimate, and are pretext for discriminatory animus.

**THIRD CAUSE OF ACTION**

**Section 504 of the Rehabilitation Act of 1973 – Disability Discrimination**

63. Plaintiff Rogers incorporates and re-alleges each preceding paragraph as if fully set forth herein.

64. Section 504 of the Rehabilitation Act of 1973 ("Section 504"), prohibits the exclusion of or discrimination against an otherwise qualified disabled individual under any program or activity receiving federal financial assistance. 29 U.S.C. §§ 706 and 794.

65. Upon information and belief, Defendant Niagara County, NY is the recipient of federal funding subject to Section 504.

66. Plaintiff Rogers has anxiety, of which qualifies her as disabled as defined by Section 504.

67. Defendant negotiated in bad faith when they offered an accommodation to Plaintiff Rogers which was not actually available to her.

68. Defendant discriminated against Plaintiff Rogers by taking adverse action against her in regard to the terms, conditions, or privileges of her employment on the basis of her disabilities.

69. Defendant's proffered reasons for termination are not legitimate, and are pretext for discriminatory animus.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rogers respectfully requests that this Court enter a judgment:

A. Declaring that Niagara County's actions and practices violated the ADA, NYHRL, and Section 504;

B. Permanently enjoining Niagara County from engaging in action or practices that discriminate against Plaintiff Rogers and any employees because of their disability, and from retaliating against Rogers and any employees for exercising their protected rights under the ADA, NYHRL, and Section 504;

C. Ordering Niagara County to remove all records bearing "for cause" termination from Plaintiff Rogers' employee file;

D.  Awarding damages to Plaintiff Rogers so as to make her whole for all earnings and

benefits she would have received but for Niagara County's unlawful conduct, including

but not limited to wages, lost benefits, and interest thereon;

E.  Awarding costs, disbursements, and attorneys' fees; and

F.  Awarding any other relief which the Court deems just and proper.

**JURY DEMAND**

Plaintiff Rogers demands a trial by jury on all claims properly triable by jury.

Dated: October 20, 2022                                                 DISABILITY RIGHTS NEW YORK
Albany, New York

                                                                        By: _____/s/_____

                                                                        Jessica Richwalder

                                                                        279 Troy Road, Ste 9
                                                                        PMB 236
                                                                        Rensselaer, NY 12144

                                                                        Phone: 518-432-7861