UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

STEFANIE M. ROGERS,

    Plaintiff,

v.                                          22-CV-792 (JLS) (MJR)

NIAGARA COUNTY, NEW YORK,
NIAGARA COUNTY CLERK'S
OFFICE,

    Defendants.

---

### DECISION AND ORDER

Plaintiff Stefanie M. Rogers commenced this case in October 2022, when she filed a complaint alleging claims related to disability-based discrimination she claims she experienced in her employment in Niagara County's Motor Vehicle Office. *See* Dkt. 1. Defendants moved to dismiss that complaint. Dkt. 9. In response, Rogers amended her complaint, as permitted by the Federal Rules of Civil Procedure, and filed the amended complaint—the operative complaint here—in January 2023. Dkt. 12; *see also* Fed. R. Civ. P. 15(a)(1)(B). Defendants moved to dismiss the amended complaint. Dkt. 15. Rogers responded (Dkt. 16; Dkt. 17), and Defendants replied (Dkt. 18).

Judge Roemer[1] heard oral argument and reserved decision. Dkt. 19. On September 12, 2023, Judge Roemer issued a Report and Recommendation ("R&R"),

---

[1] This Court referred the case to United States Magistrate Judge Michael J. Roemer for all proceedings under 18 U.S.C. §§ 636(b)(1)(B) and (C). Dkt. 10.

recommending that this Court: (1) dismiss the Niagara County Clerk's Office as a Defendant in this case; (2) grant Defendants' motion to dismiss Rogers's claim for failure to provide a reasonable accommodation; (3) grant Rogers leave to amend her claim for failure to provide a reasonable accommodation; and (4) deny Defendants' motion to dismiss Rogers's discriminatory termination claim. Dkt. 20.

Defendants objected to the R&R. Dkt. 23. As to Rogers's failure-to-accommodate claim, Defendants first argue that Rogers did not plausibly allege the accommodation was possible because she did not establish that a vacancy existed at Defendants' North Tonawanda office. *See id.* at 3–5. Defendants next argue that Judge Roemer improperly concluded that Rogers plausibly stated a failure-to-accommodate claim based on the allegation that Defendants did not engage in the interactive process. *See id.* at 5–6. As to Rogers's discriminatory termination claim, Defendants argue that Rogers did not plausibly allege a connection between her disability and her termination, citing Rogers's performance reviews and that she was hired as part of a program to employ people with disabilities. *See id.* at 6–11. Finally, Defendants argue that the Court should not grant Rogers leave to amend her failure-to-accommodate claim because doing so would prejudice them and, in any event, would be futile. *See id.* at 11–14. Rogers responded (Dkt. 24), and Defendants replied (Dkt. 25).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). It must conduct a *de novo* review of those portions of a magistrate judge's recommendation

2

to which a party objects. 28 U.S.C. § 636(b)(1): Fed. R. Civ. P. 72(b)(3). Based on its *de novo* review of Judge Roemer's R&R and the relevant record, the Court accepts Judge Roemer's recommendations.[2]

To the extent that the R&R and Defendants' objections could be read to suggest that a breakdown, or failure to engage in, the interactive process constitutes an independent cause of action, the Court writes to clarify that "there is no valid independent claim under the ADA for failure to engage in an interactive process." *See Sheng v. M&T Bank Corp.*, 848 F.3d 78, 86–87 (2d Cir. 2017). Because "an employer's failure to engage in a good faith interactive process can be introduced as evidence tending to show disability discrimination, . . . and that the employer has refused to make a reasonable accommodation," this clarification does not affect the outcome on this motion. *See id.* at 87 (internal quotation marks, citations, and alterations omitted).

## CONCLUSION

For the reasons stated above and in the R&R:

- Defendants' motion to dismiss (Dkt. 15) is granted, in part, as to Rogers's failure-to-accommodate claim and denied, in part, as to Rogers's discriminatory termination claim;

---

[2] The Court has considered Defendants' arguments against granting Rogers leave to amend—over Rogers's claim that they constitute an improper objection—and concludes that leave to amend is consistent with Federal Rule of Civil Procedure 15(a)(2), for the reasons set forth in the R&R. *See* Dkt. 20, at 14–16.

3

- Rogers is granted leave to file a second amended complaint, as set forth in the R&R; and

- The Niagara County Clerk's Office is dismissed as a Defendant in this case.

The Clerk of the Court shall update the caption of this case to reflect the dismissal of Defendant Niagara County Clerk's Office. The Court refers this case back to Judge Roemer for further proceedings, consistent with the referral order at Dkt. 10.

SO ORDERED.

Dated:    March 27, 2024
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE